865 F.2d 261
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Janice E. STOWERS, Plaintiff-Appellant,
v.
GENERAL MOTORS CORPORATION, Defendant-Appellee.
 No. 87-4097.
 United States Court of Appeals, Sixth Circuit.
 Dec. 8, 1988.
 
 Before LIVELY and WELLFORD, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 The plaintiff appeals the judgment of the district court dismissing her products liability action following a jury verdict for the defendant. The plaintiff alleged that the right front tie rod ball stud on a Chevrolet Chevette was defective, causing her husband, who was driving the car, to lose control. The car left the highway and hit a telephone pole. Plaintiff's husband suffered injuries from which he died, and she sought damages for his wrongful death. The jury, responding to interrogatories, found that the automobile was defective, but that the defect did not proximately cause the death of the plaintiff's husband.
 
 
 2
 The only issue on appeal concerns references during the trial to the fact that the plaintiff's husband had consumed alcohol during the evening prior to the accident. The defendant proffered evidence that the husband had a blood alcohol level of .097%, which was slightly below the presumptive level for intoxication in Ohio. This evidence was excluded in response to the plaintiff's motion in limine. However, the plaintiff introduced an expert witness who reconstructed the accident and stated that the break of the defective part was the sole proximate cause of the accident and that driver error played no part in it. On cross-examination the defendant's attorney asked the witness whether he knew that Stowers had been drinking before the accident. The plaintiff objected, and the court sustained the objection. The plaintiff did not object, however, to a series of cross-examination questions wherein the witness was asked whether he would change his opinion if he knew that the driver had been drinking. The witness asserted that his opinion would remain the same. The only other references to alcohol heard by the jury came from another of the plaintiff's witnesses, a psychiatrist. During a video tape deposition this witness testified on direct examination that the plaintiff had fought with her husband in the past over his drinking and gambling but that the marriage was improving in the year before the husband's death because he was drinking and gambling less. On cross-examination this witness volunteered that alcohol was discovered in Stowers' urine following the accident. At the deposition the plaintiff objected to questions about alcohol consumption and moved to strike the psychiatrist's comments regarding Stowers' alcohol consumption on the night of the accident. However, at the trial the plaintiff played the video tape deposition of the psychiatrist containing these comments without obtaining advance rulings on the objections made during the deposition.
 
 
 3
 We think it is clear that the district court did not commit prejudicial error in its rulings on the evidence of alcohol consumption. The court sustained the plaintiff's objection to the first question on cross-examination relating to alcohol. The plaintiff did not object to a series of hypothetical questions that the witness answered in a manner favorable to the plaintiff. With respect to the video tape deposition of the psychiatrist, it is clear that this witness, who was called by the plaintiff, introduced the subject of alcohol and alcohol consumption on the evening of the accident, and that the plaintiff failed to obtain rulings on objections made at the deposition. The plaintiff caused the entire deposition to be played for the jury. Not only did the plaintiff open the door with respect to this issue, but she waived any objection to the jury's hearing the references to alcohol.
 
 
 4
 Upon consideration of the briefs and oral arguments of counsel together with the record on appeal, this court concludes that the district court did not commit reversible error in its evidentiary rulings.
 
 
 5
 The judgment of the district court is affirmed.